IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON BERKOBEN, | ) |
| | ) 2:12-cv-1677 |
| Plaintiff, | ) |
| | ) Judge Mark R. Hornak |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| AETNA LIFE INSURANCE CO., | ) ECF Nos. 21 & 22 |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

The Complaint in the above captioned case was received by the Clerk of Court on November 15, 2012, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 35), filed on February 21, 2014, recommended that Plaintiff's Motion for Summary Judgment (ECF No. 21) be granted in part and denied in part. The Report and Recommendation recommended that Plaintiff's Motion for Summary Judgment be denied to the extent it seeks reversal and retroactive reinstatement of his long-term disability benefits, and be granted in all other respects. The Report and Recommendation further recommended that Defendant's Motion for Summary Judgment (ECF No. 22) be denied, and that Aetna's decision to terminate Plaintiff's long-term disability benefits be vacated and the case remanded to the plan administrator for further consideration in light of the Report and Recommendation.

Service of the Report and Recommendation was made on all counsel of record via electronic mail. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had

fourteen (14) days to file any objections. Defendant filed objections to the Report and Recommendation on March 7, 2014 (ECF No. 36). Plaintiff filed a response to the objections on March 19, 2014 (ECF No. 37). The Court also permitted, and has considered, a reply brief in support of the Objections filed by the Defendant. (ECF No. 40).

This Court has carefully considered the Defendant's Objections in light of the Report and Recommendation, the Plaintiff's response to those Objections, the Defendant's Reply Brief, and its own review of the administrative record filed on the docket of this Court, and concludes that they do not impeach or otherwise undercut the reasoning of the Report and Recommendation. In particular, this Court would note the following.

The Defendant objects that the Chief Magistrate Judge made an erroneous "finding" regarding the reasons that the Plaintiff did not submit to the Defendant the results of an MRI test because such reasons were not in the administrative record. That MRI test is simply not relied upon in the reasoning and analysis portion of the Report and Recommendation, and second, it had nothing to do with this Court's adoption of it. Further, it does not appear that the MRI, the absence of its results, the reasons for that, or anything else about an MRI was considered in any of the decisional communications from the Defendant to the Plaintiff.[1]

As to the balance of the Objections, they each/all suffer from the same core deficiency, namely they do not confront the failure of the Defendant, in the administrative process, to address the actual and complete language of its own Long-Term Disability ("LTD") Policy

---

[1] In a similar vein, the Defendant takes the Chief Magistrate Judge to task for failing to strike an affidavit filed by the Plaintiff as being outside of the administrative record. (ECF No. 40 at 1-2). Defendant does not seek similar treatment of the affidavit that it filed regarding the claimed lack of any conflict of interest on its part during the review process, which affidavit was considered by the Chief Magistrate Judge. (ECF No. 35 at 24). The Report and Recommendation does not rely on the Plaintiff's affidavit in reaching its recommended disposition.

2

("Policy"), and in particular, the specific language of the coverage exclusion upon which the Defendant focused and relied in terminating the Plaintiff's coverage after twenty-four (24) months.

Under the relevant provisions of that Policy, a disability is excluded from coverage after twenty-four (24) months if it is primarily caused by "[a] mental health or psychiatric condition. . .*but excluding conditions with demonstrable, structural brain damage;. . .*". Policy at 87 (emphasis added). The problem with the Objections is that they fail to address the reality that in each of the denial/appeal denial letters prepared and transmitted by the Defendant to the Plaintiff or his counsel, the Defendant recites that the Plaintiff's condition is a "mental health" issue, although the Defendant also acknowledged the growing weight of medical authority that Plaintiff's condition had an organic genesis. The Defendant's administrative actions never specifically address or state that Plaintiff's "mental health" condition was (or was not) one with "demonstrable, structural brain damage". Thus, those administrative decisions did not address the application of that proviso to the exclusion, and therefore failed to address the Policy exclusion relied upon by the Defendant *in toto*. This is compounded by the record fact that the medical and legal submissions made to the Defendant on the Plaintiff's behalf do raise the application of that Policy exclusion proviso, and also provided substantial medical literature as to its application here. The administrative record does not reflect the necessary consideration of those matters by the Defendant.[2]

---

[2] While this Court adopts the Report and Recommendation in its entirety, I consider it to be a close call as to whether benefits must be reinstated pending the results of the administrative remand. Given what this Court considers to be a fundamental failure to fully consider, on the administrative record, *all* of the language of the Policy provision at issue, it would not be at all inappropriate that the Defendant should bear the burden of providing continued benefits during the remand process that is attendant to that failure. *Miller v. American Airlines, Inc.*, 632 F. 3d 837, 856-7 (3d Cir. 2011). By the same token, a review of the correspondence from the Plaintiff's treating physician, Dr. Galonski, reveals that she was not completely precise in tying together her observations about this

In addition, when the Defendant's administrative decisions and related communication did acknowledge the referenced medical literature that would support an organic or structural relationship to Plaintiff's condition, rather than analyzing or even explaining the consideration and any rejection of it, the Defendant's position instead reverted to a generalized reference to the fact that the DSM[3] considers the Plaintiff's afflictions to be "mental", a point that Plaintiff does not seem to contest.

The problem is that *that* point that is not *the* point of the issue. This is particularly problematic, in that the Defendant's seemingly categorical resort to the DSM classification, and to its consideration of its own self-generated listing (the "List") of what diagnosis codes it will consider to be non-excluded and those which it will not, also demonstrates a failure to consider the specific situation that the Plaintiff's case presents. This is exacerbated by the undisclosed nature of the List to participants under the Policy, one not cured by essentially oblique references to it in certain portions of the administrative record, nor by its disclosure to Plaintiff's counsel relatively late in the game.

For these reasons, and those set forth in greater detail in her Report and Recommendation, the conclusions and reasoning of the Chief Magistrate Judge will be adopted by this Court because they are correct. Therefore, after a *de* novo review of the pleadings and documents in the case, together with the Report and Recommendation, the Defendant's

---

Plaintiff and *his* condition with the medical literature that she cites relative to an organic underpinning for such conditions. In the context of all of the medical documentation in the administrative record, the Court concludes that the prudent course at this juncture is to remand for a prompt consideration of the matter at the administrative level, as recommended by the Chief Magistrate Judge.

[3] "DSM" refers to the "Diagnostic and Statistical Manual of Mental Disorders" published by The American Psychiatric Association. One of the reviewing professionals relied upon by the Defendant as reflected in the administrative record, Dr. Gerson, did appear to recognize that most mental/nervous conditions listed in DSM have some neurobiological basis, and that in fact, Plaintiff's condition reflected this.

Objections and Plaintiff's Response thereto, along with the Defendant's Reply, the following Order is entered:

AND NOW, this 25th day of March, 2014,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 21) is granted in part and denied in part. Plaintiff's Motion for Summary Judgment is **DENIED** to the extent it seeks reversal and retroactive reinstatement of his long-term disability benefits, and is **GRANTED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Aetna's decision to terminate Plaintiff's long-term disability benefits is **VACATED** and the case is **REMANDED** forthwith to the Plan Administrator for further prompt and complete consideration in light of the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 35) of Chief Magistrate Judge Lenihan, dated February 21, 2014, is adopted as the Opinion of the Court.

BY THE COURT:

Mark R. Hornak
United States District Judge

cc: All Counsel of Record